UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN SWENSON, | Case No. 2:19-CV-1639 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LESLIE POLITO, et al., | |
| Defendant(s). | |

Presently before the court is GEICO Casualty Company ("Geico"), Leslie Polito ("Polito"), and Courtney Benke's ("Benke") (collectively "defendants") motion to dismiss. (ECF No. 5).  Plaintiff Sean Swenson ("plaintiff") filed a response (ECF No. 13), to which defendants replied (ECF No. 15).

Also before the court is plaintiff's motion for leave to file a supplemental brief. (ECF No. 31). Geico filed a response (ECF No. 32), to which plaintiff replied (ECF No. 33).

**I.    Background**

The instant action arises from an insurance dispute. (ECF No. 1-1). On July 19, 2017, a nonparty driver struck plaintiff, injuring him. *Id.* at 4. Plaintiff incurred medical expenses totaling $39,460.24, and his treating physician recommended a $109,750 surgery. *Id.* Plaintiff received the $50,000 policy limit from the driver's insurance carrier and, on May 14, 2018, demanded the $100,000 policy limit for underinsured motorist benefits under his policy with defendant. *Id.*

Roughly two weeks after receiving plaintiff's demand, defendant requested a recorded statement, which plaintiff gave on June 20, 2018. *Id.* at 5. When plaintiff gave his recorded statement, Benke, a Geico claims adjustor, indicated that an independent medical exam ("IME")

**James C. Mahan**
**U.S. District Judge**

was necessary and requested plaintiff's diagnostic studies. *Id.* Plaintiff claims Geico "failed to follow through with obtaining the diagnostic studies." *Id.* Plaintiff provided at least one of his diagnostic studies to Geico on October 1, 2018. *Id.* On October 8, 2018, plaintiff scheduled the IME with Dr. Daniel Lee, which he attended on November 26, 2018. *Id.*

After attending the IME, plaintiff followed up with defendants regarding his claim several times. *Id.* at 5–6. On December 21, 2018, Benke contacted plaintiff, informing him that Geico had received Dr. Lee's report. *Id.* at 6. Defendants offered plaintiff $5,000 based on Dr. Lee's opinion that plaintiff was misdiagnosed. *Id.* Plaintiff alleges that disregarding his treating physician's surgery recommendation and offering $5,000 was unreasonable. *Id.*

Plaintiff sent defendants and Dr. Lee a rebuttal report. *Id.* Plaintiff then followed up with defendants regarding his claim. *Id.* at 6–7. Defendants' $5,000 offer did not change. *Id.* at 7. Plaintiff then brought the instant suit, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Nevada's Unfair Claims Practices Act. *See generally id.*

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual

allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, plaintiff represents that he "has agreed to dismiss adjusters, Leslie Polito and Courtney Benke, as [d]efendants in this case . . . ." (ECF No. 31 at 2). Indeed, the parties stipulated to dismiss Polito and Benke, and the court subsequently dismissed them both from this action. (ECF No. 29). Accordingly, the court denies defendants' motion to dismiss as moot as to Polito and Benke.

Before the court adjudicates defendants' motion to dismiss as it pertains to Geico, the court first denies plaintiff's motion for leave to file a supplemental brief. (ECF No. 31). "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d

988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

The court declines to consider the deposition testimony of Dr. Daniel Lee, who Geico hired to perform an independent IME and record review, which does not fall within the bounds of the incorporation-by-reference doctrine. *See id.*; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The complaint does not refer to nor rely on this deposition testimony, nor could it have given that the deposition postdates the complaint. *See Marder*, 450 F.3d at 448–49. Such evidence is more appropriate at summary judgment, not a motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

A. *Breach of the implied covenant of good faith and fair dealing ("bad faith")*

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted). An insurer breaches its duty to act in good faith when it unreasonably refuses "to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (internal citation and quotation marks omitted). Thus, plaintiffs bringing a bad-faith claim must show "the absence of a reasonable basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991) (quotation marks, ellipses, and citation omitted).

Because bad faith requires the defendant to be objectively and subjectively unreasonable, the genuine dispute doctrine provides that "the insurer is not liable for bad faith for being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did." *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (citing *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*,

729 P.2d 1352, 1355 (Nev. 1986)).  The Ninth Circuit has unambiguously held that, "because the key to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should be dismissed **on summary judgment** if the defendant demonstrates that there was 'a genuine dispute as to coverage.'" *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (emphasis added).

Here, plaintiff and Geico dispute the valuation of plaintiff's UIM claim.  Geico contends that the parties dispute only the valuation of plaintiff's UIM claim.  (ECF No. 5 at 13–17).  But this case does not come before the court on a motion for summary judgment.  Geico moves to dismiss plaintiff's bad faith claim at the onset of litigation.

This court's holding in *Tracey v. Am. Family Mut. Ins. Co.* is instructive.  No. 2:09-CV-01257-GMN, 2010 WL 3613875 (D. Nev. Sept. 8, 2010).  In *Tracey*, plaintiff was involved in a vehicle collision, but defendant disputed plaintiff's valuation of the claim.  *Id.*  In particular, defendant argued that plaintiff's injuries predated the accident.  *Id.*  The court explained as follows:

> Although there may legitimately be a dispute over whether the injury is unrelated to the loss or treatment was unreasonable, there still exist material facts that may lead a jury to conclude that [d]efendant's assertions are unreasonable because it failed to investigate the claim properly.  The [d]efendant is making a factual assertion that the injury was either unrelated to the loss or the treatment was unreasonable.  However, **if the [d]efendant did not reasonably investigate the claim before making this assertion, then the genuine dispute is not in fact genuine.  The genuine dispute rule does not relieve an insurer from its obligation to thoroughly and fairly investigate, process, and evaluate the insured's claim.**  A *genuine* dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds.

*Id.* at *3 (internal citations and quotation marks omitted) (emphasis added).

Here, plaintiff has alleged that Geico "committed bad faith by failing to consider the opinions of [p]laintiff's own doctors completely" when it "rejected the policy limit demand on the sole basis of Dr. Lee's opinion that [p]laintiff had been misdiagnosed by his treating physicians." (ECF No. 1-1 at 6).  In response, Geico insists that retaining Dr. Lee for an IME insulates it from liability for a bad faith claim.  (*See generally* ECF No. 5).  By Geico's

**James C. Mahan**
**U.S. District Judge**

- 5 -

estimation, relying on Dr. Lee's report necessarily means that its investigation and $5,000 offer were reasonable. *Id.* The court disagrees.

Keeping with Ninth Circuit authority, the court finds that the reasonableness of defendant's valuation is a determination to be made at summary judgment. *Feldman*, 322 F.3d at 669. In light of his allegation that Geico failed to properly investigate his claim, plaintiff has stated a plausible bad faith claim. *Id.* ("[A] genuine dispute does not exist where there is evidence that the insurer failed to conduct a thorough investigation" (citing *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 994 (9th Cir. 2001)). Accordingly, the court denies Geico's motion to dismiss.

B. *Unfair claims practices*

The Nevada Unfair Claims Practices Act, NRS § 686A.310, deals with unfair practices in settling claims and liability of the insurer for damages. This statute designates certain insurance company activities as unfair practices and allows for a private right of action by an insured against the insurer for a violation of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F. Supp. 900, 903 (D. Nev. 1994). "The provisions of NRS 686A.310 address the manner in which an insurer handles an insured's claim [even if] the claim is denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).

Here, Geico argues that plaintiff fails to specify which sections of the Unfair Claims Practices Act it allegedly violated. (*See* ECF No. 5 at 17). The court agrees. Plaintiff never specifies which sections of the Unfair Claims Practices Act his claims arise under.[1] (*See* ECF No. 1-1).

Accordingly, the court grants defendants' motion to dismiss as to this claim. However, plaintiff's response makes it clear that the deficiencies in this claim can be cured by amendment. Thus, the court dismisses the claim with leave to amend.

**IV. Conclusion**

---

[1] And, to that point, defendant correctly notes that several of the allegations that plaintiff clarified in his response are deficient; for instance, "[t]here is no allegation in the [c]omplaint or the [r]esponse whatsoever to any printed or written advertising nor any reliance by [p]laintiff upon any such advertising." (ECF No. 15 at 6).

**James C. Mahan**
**U.S. District Judge**

- 6 -

The court denies defendants' motion as moot as it pertains to now-dismissed defendants Polito and Benke. The court denies defendants' motion as it pertains to plaintiff's bad faith claims. The court grants the motion as to the Unfair Claims Practices Act claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED in part and GRANTED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's claim under Nevada's Unfair Claims Practice Act be, and the same hereby is, DISMISSED with leave to amend.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a supplemental brief (ECF No. 31) be, and the same hereby is, DENIED.

DATED June 5, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**