UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN SWENSON,<br>  Plaintiff(s),<br>v.<br>GEICO CASUALTY COMPANY,<br>  Defendant(s). | Case No.: 2:19-cv-01639-JCM-NJK<br>**Order**<br>[Docket No. 40] |

Pending before the Court is Defendant's motion to stay discovery. Docket No. 40. The motion relies on the standards applicable to staying a case (generally pending resolution of some other case or proceeding). *See, e.g.*, *id.* at 5-6 (addressing factors identified in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Defendant is not seeking to stay litigation, however, nor does Defendant appear to be seeking to stay all discovery. Instead, Defendant appears to be seeking to avoid (for the time-being) three depositions. Docket No. 40 at 3. It is unclear why Defendant is seeking such relief under the standards for staying the case, rather than as a motion for protective order under Rule 26(c) of the Federal Rules of Civil Procedure.[1] Given that it appears the motion is predicated on inapplicable legal standards, it is hereby **DENIED** without prejudice.

Any renewed motion seeking relief from the three depositions at issue must be filed no later than July 31, 2020. Nothing herein prevents Defendant from seeking relief under the

---

[1] The Court has a duty to apply the correct legal standards even when they are not identified by the parties. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

1

standards articulated in *CMAX*. However, to the extent Defendant continues to believe those standards govern this dispute, then it must provide meaningful discussion in support of that position.

IT IS SO ORDERED.

Dated: July 28, 2020

_____
Nancy J. Koppe
United States Magistrate Judge